## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District  New Jersey | |
|---|---|---|
| Name (under which you were convicted):<br>Michael Ludwikowski | | Docket or Case No.:<br>16-513(JBS) |
| Place of Confinement:<br>FCI Fairton | | Prisoner No.:<br>70533-050 |
| UNITED STATES OF AMERICA<br><br>v. | Movant (include name under which you were convicted)<br>Michael Ludwikowski | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Jerome B. Simandle

   (b) Criminal docket or case number (if you know): 16-513(JBS)

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing: 4/12/2018

3. Length of sentence: 180 months' imprisonment

4. Nature of crime (all counts):

   Six counts of distribution of a controlled substance in violation of 21 U.S.C. 841, two counts of maintaining premises for drug distribution in violation of 21 U.S.C. 856, conspiracy to distribute controlled substances in violation of 21 U.S.C. 846

5. (a) What was your plea? (Check one)

   (1) Not guilty ☑    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ❑     No ✔

8.  Did you appeal from the judgment of conviction?     Yes ✔     No ❑

9.  If you did appeal, answer the following:

    (a) Name of court:  Third Circuit Court of Appeals

    (b) Docket or case number (if you know):  18-1881

    (c) Result:  Affirmed

    (d) Date of result (if you know):  12/5/2019

    (e) Citation to the case (if you know): 944 F3d 123 (3d Cir. 2019)

    (f) Grounds raised:
    Trial court erred when it refused to suppress Petitioner's statement to law enforcement in violation of Miranda. Trial court committed plain error when it failed to exclude expert's testimony about New Jersey Pharmacy rules. Trial court committed plain error when it based sentence on acquitted conduct

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ✔  No ❑

        If "Yes," answer the following:

        (1) Docket or case number (if you know):

        (2) Result:
        Denied certiorari

        (3) Date of result (if you know):  11/23/2020

        (4) Citation to the case (if you know):  Ludwikowski v. United States, 141 S.Ct. 872

        (5) Grounds raised:
         Whether trial court committed plain error when it imposed sentence based on acquitted conduct

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

        Yes ❑   No ✔

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:     Yes ❑   No ❑

(2) Second petition:     Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

Conviction was obtained and sentence imposed in violation of the Sixth Amendment right to effective

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

assistance of counsel. Trial counsel was ineffective for failing to advise the Petitioner to take the stand and testify at the suppression hearing. If called as a witness, Petitioner would have testified that he answered questions presented by law enforcement and made statements that arguably incriminated him because he believed that he would not get police protection for himself and his family unless he answered questions that arguably incriminated him. In addition, Petitioner reasonably believed Detective Knecht when Knecht told Petitioner that he would not be arrested for taking scripts without investigation, and that such conduct was not illegal. If Petitioner had testified that he feld coerced to give the statement in order to get police protection for himself and his family, there was a reasonable probability the district court would have suppressed the June 23, 2013 statement to law enforcement. If the statement had been suppressed, there was a reasonable probability of acquittal.

The attached memorandum of law is incorporated by reference herewith as if set forth at length hereat.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑ No ✔

(2) If you did not raise this issue in your direct appeal, explain why:

Claims of ineffective assistance of counsel must be raised in a 2255 motion.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO**:
Ineffective assistance of counsel for failure to give Petitioner the benefit of reasonable professional

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

advice in connection with the prosecution's plea offer to seven (7) years offered near the end of the trial. If the Petitioner had been informed that the judge could consider acquitted conduct, and that the sentence could be  as high or higher than 15 years, and that the chances of conviction on at least one count was high, he would have taken the plea to seven years' imprisonment. Petitioner was not informed of enough facts to make an informed choice whether to accept or reject the plea offer.

The attached memorandum of law is incorporated by reference herewith as if set forth at length hereat

(b) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑   No ☑

   (2) If you did not raise this issue in your direct appeal, explain why:

   Claims of ineffective assistance of counsel not based on facts of record must be raised in a 2255 motion

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑   No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):


   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**
Trial counsel was ineffective for failing to preserve the claim that the district court could not impose

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
sentence based on acquitted conduct because (1) the procedure violates the Fifth and Sixth Amendments, and (2) the preponderance of the evidence supports the jury's verdict and shows that the Petitioner was not involved in the conspiracy, Mr. Jones testified that he made millions from the schene to submit fraudulent prescriptions and that the Petitioner made not a nickel more than he would make from selling the prescriptions at the retail price.

The attached memorandum of law is incorporated by reference herewith as if set forth at length hereat

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ❑

(2) If you did not raise this issue in your direct appeal, explain why:
Issue was not preserved and had to be raised in a 2255 motion

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR**:
Imposition of sentence based on acquitted conduct violates the Fifth and Sixt Amendments

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.): and violates the right to trial by jury.

The attached memorandum of law is incorporated by reference herewith as if set forth at length hereat.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑  No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

This issue was reviewed on appeal for plain error only because it was not preserved by appropriate and timely objection

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?　　Yes ❏　No ❏
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:
Edwin Jacobs and Patrick Joyce

(d) At sentencing:
Edwin Jacobs and Patrick Joyce

(e) On appeal:

Lisa A. Mathewson and Meredith A. Lowry

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Motion is timely if filed before November 23, 2021. Explanation appears in memorandum of law attached hereto and incorporated by reference herewith. United States Supreme Court denied the petition for certiorari on November 23, 2020. The one year deadline for filing the 2255 motion is November 23, 2021.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate conviction and sentence

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year).

Executed (signed) on ___10/18/21___ (date).

_____
Signature of Movant

I declare (or certify, verify, or state) under penalty of perjury that I have been notified that I must include in this motion all the grounds for relief from the conviction or sentence that I challenge, and that I must state the facts that support each ground.  I also understand that if I fail to set forth all the grounds in this motion, I may be barred from presenting additional grounds at a later date.


Executed (signed) on                    10/18/21                    (date)


Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

# EXHIBIT 1

DECLARATION

I, Michael Ludwikowski, declare, under penalties of perjury, pursuant to 28 U.S.C. 1746, that the following statements are true and correct:

GROUND ONE AFFIDAVIT

At the time of the suppression hearing, I was never advised that I could take the stand. I had no idea that I could testify in my defense. If called as a witness, I would have testified that I answered questions to law enforcement because I believed that I would not get police protection for myself and my family unless I answered their questions. In addition, I believed Detective Knecht when he told me "taking these scripts, you know and not doing the checks that I should have done is not criminal. It's not criminal." And that I was not going to get arrested for it. I also believed law enforcement was willing to do whatever they needed to do to help me and keep me and my family safe, but I needed to cut the nonsense. I would have made the court aware of these statement.

_____          10/18/21
Michael Ludwikowski                          Date

# EXHIBIT 2

DECLARATION

    I, Michael Ludwikowski, declare, under penalties of perjury, pursuant to 28 U.S.C. 1746, that the following statements are true and correct:

GROUND TWO AFFIDAVIT

    As I remember, the government offered me a seven year plea offer at or around the end of trial. My attorney advised me not to accept the offer. At the time of verdict, my attorney restated his belief that he made the correct decision not to accept the the seven year plea offer. He stated to me I was only facing three to five years which is less than the offer of seven years.

10/8/21

Michael Ludwikowski        Date

# EXHIBIT 3

DECLARATION

I, Michael Ludwikowski, declare, under penalties of perjury, pursuant to 28 U.S.C. 1746, that the following statements are true and correct:

GROUND THREE AFFIDAVIT

I was unaware at the time of sentencing that my attorney failed to preserve the argument that the acquittal on the charge of conspiracy restored the presumption of actual innocence of conspiracy thereby leaving me vulnerable to a one hundred and eighty month sentence, instead of the guideline range of fifty-one to sixty-three months.

Michael Ludwikowski          Date 10/18/21

# EXHIBIT 4

DECLARATION

I, Michael Ludwikowski, declare, under penalties of perjury, pursuant to 28 U.S.C. 1746, that the following statements are true and correct:

GROUND FOUR AFFIDAVIT

I was unaware at the time of my appeal that my appellate attorney failed to bring the correct case precedents.

In United States v. Watts 519 U.S 148, 117 S.Ct. 633, 136 L.Ed. 2d 554 (1997) held that the district court could apply the preponderance of the evidence to conduct even if the jury acquitted the defendant of that conduct. The Court appeared to limit the holding to cases that did not involve exceptional circumstances. Furthermore, United States v. Booker, 543 U.S. 220, 240 note 4, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) appeared to limit the precedential value of the Watts case to the double jeopardy context. Furthermore, current case law indicates the Fifth and Sixth Amendments eliminate the sentencing court's authority to nullify or overrule the jury verdict.

Michael Ludwikowski          Date